UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.  04-60039-CR-DIMITROULEAS

        Plaintiff,

vs.

THEODIS JONES,

        Defendant.

_____/

## O R D E R

_____THIS CAUSE is before the Court on Defendant's March 12, 2008 Motion for Reduction

of Sentence (18 U.S.C. § 3582(c)(2)) [DE-98], and the Court having reviewed the Court file and

Pre-Sentence Investigation Report (PSIR) finds as follows:

        1.  On February 24, 2004, Jones and Co-Defendant Tracey Allen were indicted and

charged with Conspiracy to Possess with Intent to Distribute five (5) grams or more of Crack

Cocaine and Possession with Intent to Distribute five (5) grams or more of Crack Cocaine.  Jones

was also additionally charged with two counts of Possession with Intent to Distribute Crack

Cocaine. [DE-4].

        2.  On May 11, 2004, Jones pled guilty to the Conspiracy count [DE-48], pursuant to a

plea agreement. [DE-49].  The maximum penalty was 40 years in prison.

        3.  On July 23, 2004, Jones was sentenced to 188 months in prison, the low end of the

guidelines range. [DE-50].  The Pre-Sentence Investigation Report held Jones accountable for

18.9 grams of crack cocaine, which would have resulted in a Base Offense Level of 26.  However,

Jones qualified as a Career Offender, which enhanced his Base Level Offense to a Level 34, with a criminal history Category VI (Jones also had 13 criminal history points, which also equated out to a Category VI) for a range of 188-235 months, once three levels for acceptance of responsibility were subtracted.

4.  On May 13, 2005, the Eleventh Circuit Court of Appeals dismissed Jones' appeal based upon a valid appeal waiver. [DE-69].

5.  On May 25, 2006, Jones filed a Motion to Vacate [DE-71], [DE-1 in 06-60892-CV]. One of the issues concerned the validity of the state convictions that were the basis for Jones' Career Offender classification.  On June 27, 2006, this Court denied the Motion to Vacate [DE-72].  On July 20, 2006, this Court denied a Motion to Alter or Amend Judgment. [DE-75].  On September 24, 2006, Jones provided a Notice of Appeal to prison authorities. [DE-21 in 06-60892-CIV].  On October 15, 2007, the Eleventh Circuit Court of Appeals denied Jones' Motion for a Certificate of Appealability. [DE-24 in 06-60892-CIV].

6.  On December 15, 2006, Jones requested a hearing on substantial assistance promises. [DE-84].  This court denied that request on December 27, 2006. [DE-86].

7.  On November 7, 2007, this Court denied a previous motion for reduction of sentence. [DE-91].  That order is currently on appeal to the Eleventh Circuit Court of Appeals. 07-15694-J.

8.  In this Motion for Reduction of Sentence, Jones again contends, this time through counsel,  that he should get the benefit of the Sentencing Guidelines Commission's recent reduction in the scoring of crack cocaine, would have been reduced to Level 24.  However, Jones' career offender status would still have resulted in the original Base Offense Level of 34. U.S.S.G. 4B1.1(b)(B).  The change in the guidelines only reduces the Offense Level; it does not

affect the statutory maximum, which governs the Career Offender calculation.  Therefore, any change in the guidelines does not affect Jones' guidelines computations.  See U.S. v. Armstrong, 347 F. 3d 905, 907 (11th Cir. 2003).

9.  Finally, even if this amendment were helpful to Jones, the Court has considered the PSIR and the factors in 18 U.S.C. § 3553(a) and would still find a sentence of 188 months to be reasonable and sufficient.  U.S.S.G. 1B1.10(b).

Wherefore, Jones' Motion For Reduction of Sentence [DE-98] is again Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of March, 2008.


WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Julia J. Vaglienti, AUSA
David Jay Bernstein, Esquire

3